IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CVS PHARMACY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TENNESSEE BOARD OF PHARMACY, et al.,<br>Defendants. | ) | NO. 3:26-cv-00685<br>JUDGE RICHARDSON |

| | | |
|---|---|---|
| EXPRESS SCRIPTS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARLIN BLANE, et al.,<br><br>Defendants. | ) | NO. 3:26-cv-00806<br>JUDGE RICHARDSON |

| | | |
|---|---|---|
| PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>MARLIN BLANE, et al.,<br><br>Defendants. | ) | NO. 3:26-cv-00816<br>JUDGE RICHARDSON |

UNITEDHEALTH GROUP, INC., et al.,

Plaintiffs,

v.

MARLIN BLANE, et al.,

Defendants.

NO. 3:26-cv-00818
JUDGE RICHARDSON

**ORDER**

Pending before the Court is "Defendants' Unopposed Motion to Consolidate Cases, Extend the Time to Respond to the Pleadings, and Extend the Page Limitations for Any Resulting Briefing Related to Those Pleading Responses" ("Motion").[1] Via the Motion, Defendants seek to (1) consolidate the four above-captioned actions, (2) extend the time to respond to pleadings, and (3) extend the page limitations for any resulting briefing related to those pleading responses. (Doc. No. 65 at 2). For the reasons stated below, the Motion is granted.

Motions to consolidate are governed by Federal Rule of Civil Procedure 42, which provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or

[1] The Motion was quadruple captioned and filed in each of the four cases. Specifically, it was filed as Docket No. 65 in Case No. 3:26-cv-00685, Docket No. 44 in Case No. 3:26-cv-00806, Docket No. 29 in Case No. 3:26-cv-00816, and Docket No. 36 in Case No. 3:26-cv-00818. When citing to the Motion hereafter, the Court elects to cite to the Motion filed at Docket No. 65 in Case No. 3:26-cv-00685.

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Consolidation is a matter within the trial court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)). Cases that have common questions of law or fact can be consolidated "for the economy and convenience of the court and of the parties." *3D Enters. Contr. Corp. v. Harpeth Valley Utils. Dist.*, No. 3:05-0594, 2006 WL 8457621, at *1 (M.D. Tenn. Oct. 11, 2006). The underlying objective of consolidation is "to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971)).

The Court finds that the cases have common questions of law and fact and that their consolidation would promote the economy and convenience of the Court and of the parties. Therefore, the Motion is **GRANTED** to the extent that it seeks consolidation of the cases. The Clerk of the Court is **DIRECTED** to consolidate Case No. 3:26-cv-00685, Case No. 3:26-cv-00806, Case No. 3:26-cv-00816, and Case No. 3:26-cv-00818. All future filings pertaining to any of the four cases shall be made in the lead case, *CVS Pharmacy, Inc. v. Tennessee Board of Pharmacy*, Case No. 3:26-cv-00685.

That is not to say, however, that the current case caption in Case No. 3:26-cv-00685 should be used. To the contrary, that case caption would be incomplete inasmuch as it does not reflect all parties to all of the actions. Amendments to the case caption potentially could promote clarity (for the public, if not also for the parties or the Court) as to who all is party to the case as it stands post-consolidation. Accordingly, the Court **ORDERS** counsel for all parties to confer with one another and seek agreement as to how the case caption should read and to file a joint notice (or separate

notices, if necessary) as to how the case caption should read.[2] Any notice(s) shall be filed by August 7, 2026.

To be clear, the Court expects counsel to treat this not as an opportunity to achieve some sort of strategic advantage—an outcome the Court believes unlikely in any event—but rather as an exercise in common sense and logic aimed at promoting clarity (as to how these parties stand vis-à-vis one another) and efficiency for the parties and in the Court going forward.

Pursuant to the aforementioned consolidation, and for purposes of administrative clarity and continued case management, the Court **ORDERS** the Clerk of Court as follows:

1. The following motion and related filings in Case No. 3:26-cv-00806 shall be transferred to and docketed in Case No. 3:26-cv-00685:
    a) Docket No. 25 "Plaintiffs' Motion for a Preliminary Injunction and Memorandum of Law in Support" ("Motion for Preliminary Injunction"), along with the related filing at Docket No. 45 ("Response to the Preliminary Injunction"). The docketing of the Motion for Preliminary Injunction should reflect the date that it was originally filed: June 18, 2026. Likewise, the docketing of the Response to the Preliminary Injunction should reflect the date that it was originally filed: July 24, 2026.
2. Upon docketing of the above-referenced motion and related filing, the Clerk is directed to **ADMINISTRATIVELY CLOSE** Case No. 3:26-cv-00806, Case No. 3:26-cv-00816, and Case No. 3:26-cv-00818.

Via the Motion, Defendants also ask to extend the time to respond to pleadings. The Motion indicates that the "parties have agreed to the following schedule":

---

[2] One possibility would be to use the caption above, except to use the case number only for the lead case and not the other cases.

| Item | Deadline |
|---|---|
| Initial Disclosures (Rule 26(a)(1)) | August 3, 2026 |
| Motions to Amend / Add Parties | August 14, 2026 |
| Global Responsive Pleading Deadline | August 21, 2026 |
| Initial CMC | August 26, 2026 |
| Last Day to Serve Written Discovery | October 30, 2026 |
| Subsequent Case Management Conference | November 6, 2026 |
| Discovery Motions Deadline | November 9, 2026 |
| Close of Fact Discovery | November 19, 2026 |
| Joint ADR / Status Report | November 24, 2026 |
| Dispositive Motions Deadline | December 15, 2026 |
| Responses to Dispositive Motions | 30 days after motion |
| Replies to Dispositive Motions | 21 days after response |

(Doc. No. 65 at 6). The Court hereby **ADOPTS** the aforementioned schedule, which was agreed to by the parties. Notably, the referral order[3] is revoked to the extent that the Court has ruled herein within the scope of the referral order, but the referral order otherwise remains intact, and the schedule above (and this order approving it) is subject to any change that is ordered by the Magistrate Judge (or the undersigned) for any reason.

Finally, via the Motion, Defendants also asks the Court for permission "to respond to each of the four complaints in a single, 75-page Rule 12 motion and a single 40-page reply (subject to revision depending on whether Plaintiffs file a single consolidated response or multiple responses) . . . if [Defendants] decide not to [a]nswer[.]" (Doc. No. 65 at 5). Being unopposed and otherwise well taken, the Motion is **GRANTED** to the extent that it seeks to extend the page limitations as outlined above.

IT IS SO ORDERED.

[3] Each of the four cases has a separate referral order. In Case No. 3:26-cv-00685, the referral order was filed at Docket No. 60; in Case No. 3:26-cv-00806, the referral order was filed at Docket No. 26; in Case No. 3:26-cv-00816, the referral order was filed at Docket No. 11; and in Case No. 3:26-cv-00818, the referral order was filed at Docket No. 30.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE